# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

XAN COLMUS[1],

    Plaintiff,

v.                                  Case No. 07-CV-11361

COMMISSIONER OF             DISTRICT JUDGE DAVID M. LAWSON
SOCIAL SECURITY,              MAGISTRATE JUDGE CHARLES E. BINDER

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[2]

## I. RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, that Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II. REPORT

### A. Introduction and Procedural History

---

[1] I note the Plaintiff's name appears to be misspelled on the caption page of the administrative record.

[2] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E. D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation is issued only to address the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. This matter is currently before the Court on cross motions for summary judgment. (Dkt. 10, 15.)

Plaintiff was 33 years of age on the alleged onset date of her disability (Tr. at 239,) and has a GED. (Tr. at 444.) Plaintiff's relevant work history includes secretarial work, cashier work and delivering news papers.(Tr. at 58, 447.)

Plaintiff filed the instant claim on December 16, 2003, alleging that she became unable to work on June 4, 2002. (Tr. at 49-51.) The claim was denied at the initial administrative stages and after filing a Request for Hearing, on September 11, 2006, Plaintiff appeared before Administrative Law Judge ("ALJ") Joel Fina who considered the case *de novo*. In a decision dated October 30, 2006, the ALJ found that Plaintiff was not disabled. (Tr. at 14-25.) Plaintiff requested a review of this decision on November 1, 2006. (Tr. at 10-13.)

The ALJ's decision became the final decision of the Commissioner on March 6, 2007, when the Appeals Council denied Plaintiff's request for review. (Tr. at 5-7.) On March 29, 2007, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Dkt. 1.)

**B.  Standard of Review**

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889

F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo* . . . ." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ

or the reviewing court discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

**C.     Governing Law**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). One is thus under a disability "only if his physical or mental . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

A claimant must meet all five parts of the test set forth in 20 C.F.R. § 404.1520 in order to receive disability benefits from Social Security. The test is as follows:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

**D.  Administrative Record**

Evidence contained in the administrative record and presented to the ALJ indicates that during the period Plaintiff was eligible for benefits, she was seen by Drs. Ancheta, Ciullo and Iwanow, and physicians at Michigan Spine and Pain, where she also received a series of spinal injections. (Tr. at 109-121, 125-143, 164-179, 242-280, 288, 291-296.) In June 2003, Plaintiff underwent arthroscopic surgery to her left shoulder performed by Dr. Ciullo. (Tr. at 168-170.)

### E.  ALJ's Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability, and the Plaintiff's eligibility for benefits ended December 31, 2003. (Tr. at 19.) At step two, the ALJ found that Plaintiff's impairments were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (*Id.*) (Tr. at 20.) At step four, the ALJ found that Plaintiff could not perform her previous work. (Tr. at 23-24.) At step five, the ALJ denied Plaintiff benefits because Plaintiff could perform a significant number of jobs available in the national economy, concluding that after using the Commissioner's grid rules as a guide, Plaintiff retained the residual functional capacity to return to a range of light exertion work. (Tr. at 20-23.)

### F.  Review of ALJ's Determination

#### 1.  Legal Standards

In reaching his determination of nondisability, the ALJ concluded that plaintiff was capable of undertaking a restricted range of light work. Light work is defined by the Commissioner as follows:

> Light Work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The Commissioner has also ruled that:

> The major difference between sedentary and light work is that most light jobs -- particularly those at the unskilled level of complexity -- require a person to be standing or walking most of the workday. Another important difference is that the frequent lifting or carrying of objects weighing up to 10 pounds (which is required for the full range of light work) implies that the worker is able to do occasional bending of the stooping type; i.e., for no more than one-third of the workday to bend the body downward and forward by bending the spine at the waist. Unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers. Rather, they require gross use of the hands to grasp, hold and turn objects.

SSR 83-14.

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

### 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite

conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

As mentioned earlier, the ALJ found that Plaintiff was not eligible for benefits after December 31, 2003. In order to be eligible for disability benefits, a person must become disabled during the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. §§ 416(i), 423(c)(1)(B)(i). It is improper for an administrative law judge to concentrate on a claimant's abilities and condition at the date of hearing, rather than during the time period when plaintiff met the special earnings' requirements. *Davis v. Califano*, 616 F.2d 348 (8th Cir. 1979). In this circuit, to qualify for social security disability benefits, disability must be proven to exist during the time the plaintiff was insured within the meaning of the special insured status requirements of the Act; and if plaintiff becomes disabled after the loss of insured status, the claim must be denied even though plaintiff has indeed become disabled. *Estep v. Weinberger*, 525 F.2d 757 (6th Cir. 1975); *see also Demandre v. Califano*, 591 F.2d 1088 (5th Cir. 1979); *Moon v. Sullivan*, 923 F.2d 1175 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Thus, the only medical evidence relevant to the issue of disability is that medical evidence dealing with a claimant's condition during the period of insured status.

In *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976), the court held, however, "[m]edical evidence of a subsequent condition of health, reasonably proximate to a preceding time, may be used to establish the existence of the same condition at the preceding time." Furthermore, in *Higgs*, 880 F.2d at 863, the Sixth Circuit held that the Commissioner may consider medical evidence of a claimant's condition after his date last insured to the extent that the evidence is relevant to the claimant's condition prior to the date last insured.

In this case, the ALJ, after review of Plaintiff's social security earnings' record (Tr. at 52-53), concluded that Plaintiff's insured status ended on December 31, 2003. This was the last quarter in which Plaintiff had 20 quarters of contribution within a 40-quarter period. 20 C.F.R. § 404.130(b). The ALJ therefore ruled that only evidence pertaining to Plaintiff's condition prior to that date could be considered in support of the disability benefits claim.

On the basis of the Social Security Act and the *Estep* case, which controls in this circuit, I conclude that the ALJ properly found that Plaintiff's insured status ceased as of December 31, 2003, and, therefore, to the extent the ALJ refused to consider later medical evidence, that action was proper.

Turning then, to the relevant evidence of record, although there is evidence to the contrary, (Tr. at 242-248, 291-293,) I suggest that substantial evidence supports the findings of the ALJ. In late September of 2002, Dr. Iwanow reported that cervical and spinal x-rays, as well as a thoracic MRI taken subsequent to a June of 2002 automobile accident did not reveal significant pathology. (Tr. at 117.) The doctor reported that reflex testing was symmetrical, and straight leg raising tests were negative. (*Id.*) Plaintiff could squat normally, and her gait as well as heel and toe walking normal. (*Id.*) Strength in the upper extremities was normal, as was all testing of the right shoulder. Testing of the left shoulder, however, did indicate nerve impingement, and there was tenderness in Plaintiff's low back area and neck. (Tr. at 118.) An MRI of Plaintiff's lumbar spine taken in December of 2002 at the request of Dr. Iwanow, was described by the reviewing physician as "unremarkable." (Tr. at 142.) EMG testing conducted in August of 2003, revealed no evidence of radiculopathy. (Tr. at 288.) Approximately 5 months subsequent to the surgery on the left shoulder, and 1 month prior to the expiration of her insured status, Dr. Ciullo reported that Plaintiff's left shoulder "has no instability, [and] has essentially full range of motion" although Plaintiff

9

complained of pain near the extremes of the shoulder's range of motion. (Tr. at 164.) Although muscle weakness was found by the Doctor, he believed that this condition could be improved. (*Id.*) X-rays of Plaintiff's spine taken less than a month after the expiration of Plaintiff's insured status reported "no abnormality." (Tr. at 286.)

A vocational expert ("VE") testified at the administrative hearing. In response to a hypothetical question from the ALJ presuming the ability to lift 20 pounds occasionally with her right arm and 10 pounds with the left, frequent lifting of no more than 10 pounds, the occasional use of stairs or ramps undertaking simple tasks free of production requirements, the VE identified security monitor, telephone clerk in order clerk positions consistent with these hypothetical conditions. (Tr. at 491-492.) In light of the medical evidence discussed earlier, I suggest that the VE's opinion is consistent with the results of x-rays, MRI scans and EMG testing, along with the findings of Dr. Cuillo, her treating surgeon, and thus can properly be considered substantial evidence supporting the ALJ's findings. *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

The contrary arguments raised by counsel for Plaintiff, I suggest, fail to carry the day. Counsel for Plaintiff contends that the ALJ failed to consider the medical records contained in Exhibit 7F (Tr. at 191-296.) However, a substantial portion of those records pertain to Plaintiff's condition after the expiration of her insured status. (Tr. at 191-241.) Counsel argues that the ALJ improperly rejected opinions by Dr. Bleiberg that Plaintiff should be in a "non-working status." (Tr. at 231.) However, again, each of the opinions cited by counsel, (Tr. at 231, 218,) come after the expiration of Plaintiff's insured status. Counsel also takes issue with the fact that the ALJ found that Plaintiff, during the time of her insured status, was capable of a range of light work, but described

sedentary jobs. (Tr. at 20, 25.) However, this argument overlooks the clear provisions of the Commissioner's regulation, cited above, stating that if a person can perform light work they can perform sedentary work activities. 20 C.F.R. § 404.1567(b)

The ALJ failed to find Plaintiff's complaints of disabling painfully credible. Social Security regulations prescribe a two-step process for evaluating subjective complaints of pain. The plaintiff must establish an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain rising from the condition, or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. 20 C.F.R. § 404.1529(b) (1995); *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)). If a plaintiff establishes such an impairment, the ALJ then evaluates the intensity and persistence of the plaintiff's symptoms. 20 C.F.R. § 404.1529(c) (1995); *Jones*, 945 F.2d at 1369-70. In evaluating the intensity and persistence of subjective symptoms, the ALJ considers objective medical evidence and other information, such as what may precipitate or aggravate the plaintiff's symptoms, what medications, treatments, or other methods plaintiff uses to alleviate his symptoms, and how the symptoms may affect the plaintiff's pattern of daily living. *Id.*

In the present case, the ALJ acknowledged that Plaintiff had an impairment that could cause pain; however, he found that the severe and debilitating nature of Plaintiff's alleged pain was not fully credible and provided reasons for this conclusion. The issue is whether the ALJ's credibility determinations are supported by substantial evidence. An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters v. Comm'r of Soc. Sec.*,

127 F.3d 525, 531 (6th Cir. 1997). When weighing credibility, an ALJ may give less weight to the testimony of interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, No. 98-3070, 1999 WL 98645 at **3 (6th Cir. Ohio Feb. 11, 1999). Under these standards, I suggest that there is insufficient basis on this record to overturn the ALJ's credibility determination.

As to Plaintiff's claims of disabling mental impairments, the evidence in this case falls considerably short of that deemed sufficient in this circuit to justify a finding of disability. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988); *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991); *see also Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992). In addition, it is the law of this circuit that a claimant must meet all criteria of a listing in order to be deemed disabled on the basis of the medical evidence alone. *Young v Sec'y of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

Accordingly, I suggest that the record contains substantial evidence supporting the ALJ's decision.. Therefore, after review of the record, I conclude that the ALJ's decision, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts." *Mullen*, 800 F.2d at 545.

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th

Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/ *Charles E. Binder*
                                              CHARLES E. BINDER
Dated: January 25, 2008                 United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet L. Parker, the Commissioner of Social Security, and on Mikel E. Lupisella, and on District Judge Lawson in the traditional manner.

Date: January 25, 2008       By     s/Patricia T. Morris
                                              Law Clerk to Magistrate Judge Binder